**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re**<br><br>**LEFT-WAY CORPORATION,**<br>   f/k/a **RIGHT-WAY DEALER**<br>   **WAREHOUSE, INC.,**<br><br>                             **Debtor**<br><br>**CRAIG JALBERT,**<br>   **LIQUIDATING SUPERVISOR,**<br><br>                             **Plaintiff**<br><br>v.<br><br>**ALLPRO CORPORATION,**<br>**VALSPAR CORPORATION, el al.,**<br><br>                             **Defendants** | **Chapter 7**<br>**Case No. 07-10355-FJB**<br><br><br><br><br><br>**Adversary Proceeding**<br>**No. 09-1030** |

**MEMORANDUM OF DECISION AND ORDER**
**ON MOTIONS OF ALLPRO CORPORATION FOR SUMMARY JUDGMENT**

     In this action to recover allegedly preferential transfers, the Court has before it two motions of defendant AllPro Corporation ("AllPro") for summary judgment, the first as to three transfers to Valspar Corporation and the other as to all other vendor transfers. AllPro was involved in all of these transfers as an intermediary between the debtor and the ultimate vendor payee. As to all transfers, AllPro seeks summary judgment on the basis of the equitable "mere conduit" defense; as to the transfers to the non-Valspar vendors, AllPro also seeks summary judgment on the basis of the statutory ordinary-course-of-business defense. For the reasons set forth below, the Court will deny both motions.

**<u>Mere Conduit</u>**

The mere conduit defense is an equitable exception to the status of initial transferee under § 550(a)(1). As the exception is essentially an affirmative defense, the burden of proving qualification for the exception falls on the party asserting that it applies. To prevail on summary judgment, AllPro must therefore adduce such evidence as to each element of its defense as would permit AllPro at trial to withstand a motion for directed verdict under F. R. Civ. P. 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The mere conduit exception requires proof that the recipient of the funds had, despite physical possession of the funds, no dominion or control over them, no legal right to dispose of them as it pleased. *Richardson v. Preston (In re Antex, Inc.)*, 397 B.R. 168 (1st Cir. BAP 2008). Accordingly, in *In re Chase & Sanborn Corp.*, 848 F.2d 1196 (11th Cir 1988), the court held that when a bank receives funds only for deposit into a customer's account, it does not have sufficient control over the funds and is a mere commercial conduit, not an initial transferee. See also *In re Jet Florida*, 69 B.R. 83 (Bankr S.D. Fla. 1987). For present purposes, the Second Circuit stated the rule concisely: "[A] commercial entity that, in the ordinary course of its business, acts as a mere conduit for funds and performs that role consistent with its contractual undertaking in respect of the challenged transaction, is not an initial transferee within the meaning of § 550(a)(1)." *In re Finley Kumble et al.*, 130 F.3d 52, at 59 (2d Cir. 1997). The pleaded defense therefore requires proof not only that the funds were passed along to a third party, but also that the "conduit" was, by contract or otherwise, legally obliged to pass the funds on to the third party.

The only facts in evidence are in the affidavit of Joseph Poliseo, which contains averments as to what AllPro did with the payments it received from the Debtor but is devoid of evidence of AllPro's legal obligations with respect to the payments. There is no evidence that AllPro was obligated—by contract, its bylaws, or otherwise—to make the payments. Lacking this evidence, the court must deny summary judgment for lack of evidence of an essential

element of the defense.

**Ordinary Course of Business**

With respect to the non-Valspar transfers, AllPro also seeks summary judgment on the alternative basis that each such transfer was made in the ordinary course of business, 11 U.S.C. § 547(c)(2).  Again, the defense in question is an affirmative one, on which AllPro would bear the burden of proof at trial.  For that reason, AllPro must support its motion for summary judgment with such evidence as to each element of its defense as would permit AllPro at trial to withstand a motion for directed verdict under F. R. Civ. P. 50(a).  *Anderson v. Liberty Lobby, Inc.*, *supra*.  And the evidence must be construed in the light most favorable to the nonmoving party.  In this instance, the evidence as to ordinary course of business is highly conclusory, especially as to the timing of the transfers as between the debtor and the vendors and whether that timing is consistent either with the ordinary course of business between the parties or with ordinary business terms.  AllPro has introduced virtually no evidence on these issues.  The court must therefore deny summary judgment as to this defense as well.

## ORDER

For the reasons set forth above, the Motions of AllPro Corporation for Summary Judgment as the Valspar Transfers and as to the Vendor Transfers are hereby denied.

Date: January 19, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge